## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WV DIVISION OF HIGHWAYS,**
**Employer Below, Petitioner**

**vs.)**     **No. 20-0541** (BOR Appeal No. 2055090)
                              (Claim No. 2016024891)

**CLIFFORD C. REICHARD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner WV Division of Highways, by Counsel Melissa M. Stickler, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Clifford C. Reichard, by Counsel William B. Gerwig III, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 10% permanent partial disability award on October 10, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its February 3, 2020, Order, and instead granted a 17% permanent partial disability award. The Order was affirmed by the Board of Review on June 25, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Reichard, a truck driver, injured his low back while lifting part of a trailer on March 21, 2016. He underwent an Independent Medical Evaluation by Paul Bachwitt, M.D., on June 15, 2018. Dr. Bachwitt noted that prior to the compensable injury, Mr. Reichard suffered a lumbar injury for which he underwent cage fusion at L4-5. For the compensable injury at issue, Mr. Reichard was initially diagnosed with a lumbar sprain. Mr. Reichard underwent an authorized L3-4 fusion on March 20, 2017. After examining Mr. Reichard, Dr. Bachwitt opined that Mr. Reichard's lumbar sprain, L3-4 herniated disc, right hip sprain, and status-post right L3-4 lumbar fusion were all causally related to the claim, and Mr. Reichard had reached maximum medical improvement. Dr. Bachwitt placed Mr. Reichard in Category IV-D from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for 12% impairment. It was noted that Mr. Reichard's range of motion measurements were too low to be credible and there were no neurological deficits. Dr. Bachwitt placed Mr. Reichard in Lumbar Category IV from West Virginia Code of State Rules § 85-20-C for 20% impairment. Dr. Bachwitt found 0% impairment for the right hip. Dr. Bachwitt opined that any prior permanent partial disability awards should be subtracted from his assessment of 20% impairment. Dr. Bachwitt noted that Mr. Reichard underwent an L4-5 fusion and discectomy twenty-one years prior for a compensable lumbar injury.

In an October 3, 2018, addendum to his report, Dr. Bachwitt stated that Mr. Reichard suffered a work-related injury twenty-one years prior when he worked in North Carolina, for which he received a $100,000 settlement. Dr. Bachwitt found that an April of 2016 MRI showed disc desiccation at all levels as well as post-surgical changes from the prior surgery. Dr. Bachwitt opined that his finding of 20% impairment should be apportioned 50% for Mr. Reichard's prior injury, surgery, and subsequent degenerative changes. He therefore assessed 10% impairment for the compensable injury. The claims administrator granted a 10% permanent partial disability award on October 10, 2018.

On December 17, 2018, Bruce Guberman, M.D., performed an Independent Medical Evaluation in which he noted that Mr. Reichard had lumbar surgery twenty years prior. Dr.

Guberman found that Mr. Reichard's low back pain resolved, and he had full range of motion until the compensable injury occurred. Dr. Guberman diagnosed chronic posttraumatic lumbar strain with L3-4 disc herniation due to the work-related injury. Dr. Guberman stated that Mr. Reichard had symptoms consistent with right L4 radiculopathy. Mr. Reichard had reached maximum medical improvement. Dr. Guberman placed Mr. Reichard in Lumbar Category IV from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed 1993) for 15% impairment. He also assessed 11% range of motion impairment and 3% impairment for radiculopathy. Dr. Guberman then placed Mr. Reichard in Lumbar Category V from West Virginia Code of State Rules § 85-20 for 26% impairment. Dr. Guberman found that Per Table 75, Mr. Reichard would have had 9% impairment due to his prior fusion. He therefore assessed 17% impairment. Dr. Guberman then noted that Mr. Reichard was already awarded 10% impairment. He therefore recommended an additional 7% impairment in this claim.

On August 26, 2019, Dr. Bachwitt completed a second addendum to his report in which he stated that he had reviewed Dr. Guberman's report. Dr. Bachwitt opined that Mr. Reichard had no evidence of radiculopathy. He also found that Dr. Guberman's range of motion measurements were too low to be credible. He did not agree with Dr. Guberman's finding of 17% impairment. Dr. Bachwitt stated that when he recommended 10% impairment, he considered Mr. Reichard's prior settlement of $100,000.

In its February 3, 2020, Order, the Office of Judges reversed the claims administrator's decision granting a 10% permanent partial disability award and instead granted a 17% award. The Office of Judges found that Mr. Reichard sustained a herniated L3-4 disc as a result of the compensable injury. Twenty years prior, Mr. Reichard injured his L4-5 disc when he worked in North Carolina and underwent fusion surgery at that level. The Office of Judges noted that the injury occurred at a different level than the compensable injury at issue. The Office of Judges found that Dr. Bachwitt's impairment assessment was unreliable. Dr. Bachwitt assessed 20% lumbar spine impairment, but he then apportioned half of the impairment for Mr. Reichard's prior low back injury and surgery. Dr. Bachwitt's apportionment was based on a $100,000 settlement Mr. Reichard received for the North Carolina injury. The Office of Judges found that the evidence does not indicate how much, if any, of the settlement was reimbursement for the surgery or a permanent impairment award. The Office of Judges concluded that there was no information provided indicating what percentage of impairment was awarded to Mr. Reichard for his North Carolina injury. Therefore, Dr. Bachwitt's decision to apportion half of Mr. Reichard's impairment for the preexisting injury was found to be unreliable.

The Office of Judges found Dr. Guberman's report to be reliable. Dr. Guberman assessed 26% lumbar spine impairment. He noted that Mr. Reichard had a prior work-related injury. Dr. Guberman opined that prior to the compensable injury at issue, Mr. Reichard would have fallen in Category IV-C from Table 75 of the AMA *Guides* for 9% impairment. Dr. Guberman therefore apportioned 9% impairment for Mr. Reichard's prior injury. The Office of Judges concluded that Dr. Guberman provided a more reasonable methodology for apportionment than that of Dr. Bachwitt. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 25, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Guberman provided the most reliable assessment of Mr. Reichard's permanent partial disability resulting from his compensable injury. Dr. Guberman used the AMA *Guides* to ascertain Mr. Reichard's impairment prior to the compensable injury. He then apportioned his impairment rating accordingly. Dr. Bachwitt, on the other hand, failed to provide a reliable explanation for his apportionment of 50% of Mr. Reichard's impairment.

Affirmed.

**ISSUED: November 5, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton